PEOPLE ex rel. BROOKLYN, Q. C. & S. R. CO. v. STEERS, President
of Borough of Brooklyn, et al.

(Supreme Court, Special Term, Kings County.  April 1, 1913.)

1. MANDAMUS (§ 155*)—PETITION—OPPOSING AFFIDAVITS—ISSUES.
A denial in opposing affidavits of knowledge or information sufficient
to form a belief as to the truth of relator's allegations that it had made
a certain expenditure is insufficient to raise an issue on an application
for a peremptory writ of mandamus.
[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 310; Dec.
Dig. § 155.*]

2. STREET RAILROADS (§ 20*)—MAINTENANCE—SUBSEQUENT STATEMENTS OF
ROUTE—EFFECT.
Where a street railroad has filed a statement enumerating the routes
on which it proposed to extend the road, the filing of subsequent state-
ments of routes does not in any way change its obligation to construct
the routes in the first statement.
[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 57-59;
Dec. Dig. § 20.*]

3. STREET RAILROADS (§ 35*)—DELAY IN CONSTRUCTION—FORFEITURE OF CHAR-
TER—STATUTES—"EXTENSION."
Railroad Law (Consol. Laws 1910, c. 49) § 12, provides that if any do-
mestic railroad corporation shall not, within five years after filing its
certificate of incorporation, begin to construct its road and expend thereon
10 per cent. of its capital, its charter shall be forfeited.  Relator's pred-
ecessor, in December, 1892, duly filed and recorded a statement of ex-
tension containing eight routes in which it was proposed to extend the
road, and extended its road on the whole of routes 6 and 7, so that the
total mileage of them was more than 10 per cent. of the total mileage
of all the eight routes, and on such extension expended more than 10
per cent. of the capital necessary to extend the entire eight routes. *Held*,
that the filing of a certificate of extension was in legal effect an amend-
ment of the original articles of incorporation, that the term "extension"
contemplated an extension of the road's operations in any direction, or
upon any street or avenue, and was not restricted to a mere prolongation
of existing branches, so that the eight routes contained in the certificate
constituted but one extension, and that, as the statutory expenditure
had been made, there had been no forfeiture of the right of extension on
route 8.
[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 91; Dec.
Dig. § 35.*
For other definitions, see Words and Phrases, vol. 3, pp. 2615-2618;
vol. 8, pp. 7658, 7659.]

Mandamus by the People of the State of New York, on the relation
of the Brooklyn, Queens County & Suburban Railroad Company, to
compel Alfred E. Steers, as President of the Borough of Brooklyn,
and others, to grant relator a permit to construct its surface road on
Troy avenue, between Bergen street and the old city line.  Writ is-
sued.

George D. Yeomans, of Brooklyn (Charles L. Woody, of Brooklyn,
of counsel), for petitioner.

Archibald R. Watson, Corp. Counsel, of New York City (William
P. Burr and William J. Clarke, both of New York City, of counsel),
for defendants.

KELBY, J. It appears without contradiction in the moving papers that the Broadway Railroad Company (which was later merged with the relator) has the necessary consents of abutting owners and local authorities as required by the Constitution and statutes of the state. It also appears that the Broadway Railroad, relator's predecessor corporation, had filed and recorded, pursuant to law, a certificate of extention or statement in the office of the Secretary of State on the 31st day of December, 1892. This statement contained an enumeration of the streets, avenues, and places in which it was proposed to extend the Broadway Railroad. The statement contained eight routes, and the eighth therein contained reads as follows:

"8. A route commencing at the track of said railroad company at the intersection of Bergen street and Troy avenue, thence along Troy avenue to city line."

It is admitted that relator constructed railroad on the whole of routes 6 and 7, which may be referred to as the "Ralph Avenue" and "Utica Avenue" routes, named in said certificate or statement of extension, and that the total mileage of the said Ralph Avenue and Utica Avenue routes, so constructed, is in excess of 10 per cent. of the total mileage of all eight routes named in said certificate of extension, filed December 31, 1892, and that such construction was done within five years after the filing of said certificate. It is further admitted that no work of construction has ever been done on route 8, above described, along Troy avenue.

[1] Relator's papers also show that it expended on routes 6 and 7 more than 10 per centum of the capital necessary to construct the entire extension, consisting of the entire eight routes in said certificate of extension named. There is in the affidavit of Mr. Burr a denial of knowledge or information sufficient to form a belief as to the truth of the allegations relating to this expenditure by relator. This it is well settled is insufficient to raise an issue on an application for a peremptory writ of mandamus.

Respondent also sets up in the affidavit of Mr. Burr certain paragraphs of an answer in an action between the city of New York, plaintiff, and the Brooklyn, Queens County & Suburban Railroad, defendant, wherein the said defendant in substance stated that the Ralph Avenue and Utica Avenue routes were constructed under certificates of extension filed May 29, 1893, and June 2, 1893.

[2] The statement of these routes—Ralph Avenue and Utica Avenue—were, however, admittedly first made in the certificate of extension filed December 31, 1892. The filing of subsequent statements of routes would not change in any way the company's obligation to construct the route thus accepted by it in the first statement. The subsequent statement would have no legal effect, except as to the railroad's authority and obligation to construct on streets not named in the first certificate. I have disregarded the replying affidavits of the relator, purporting to explain the mistake of the allegations in its answer to the city's suit, and they will not be recited in the final order.

[3] The issue thus presented is: Has the relator lost its right of

construction of route 8 on Troy avenue by reason of the terms of section 12, formerly section 5, of the Railroad Law (Consol. Laws 1910, c. 49)? This section reads as follows:

"If any domestic railroad corporation shall not, within five years after its certificate of incorporation is filed, begin the construction of its road and expend thereon ten per cent. of the amount of its capital, or shall not finish its road and put it in operation in ten years from the time of filing such certificate, its corporate existence and powers shall cease."

This section, it has been held in Matter of Brooklyn, Queens Co. & Suburban Railroad Co., 185 N. Y. 171, at page 183, 77 N. E. 994, at page 998, provides a self-executing forfeiture. The same case also held that the filing of a certificate of extension is in legal effect an amendment of the original articles of incorporation of the railroad company. The court said:

"Those original articles prescribe the time and extent of its proposed route. The certificate of extension prescribes the line and route of an additional road, and to that extent amends the original articles of incorporation. For the purposes of this provision, we think it may naturally and easily be treated as an amendment to the articles of incorporation, made to include the proposed extension, *and the date of filing of which will fix the periods within which a corporation must act as to said extension.*"

The relator claims that all eight routes named in the certificate of extension filed December 31, 1892, constitute one extension. The city authorities, on the other hand, contend that the one certificate of extension, enumerating eight routes, contains in law and fact eight separate extensions. I think the eight routes contained in the one certificate of extension constitute but one extension; and it appearing that over 10 per centum in mileage of the total extension has been constructed, and that there has been expended by the petitioner in the construction of said extension more than 10 per centum of the amount necessary to construct the whole of said road (extension), there has been no forfeiture under old section 5, new section 12, of the Railroad Law.

It can hardly be contended that, if all the streets named in the various routes in the certificate of extension of December 31, 1892, had originally been named in the articles of incorporation of the company, and over 10 per centum of the total cost of the first projected railroad had been made, in actual construction, there could have been a forfeiture. See Matter of Brooklyn, Queens County & Suburban Railroad, supra, 185 N. Y. at page 184, 77 N. E. 994. The word "extension" has not its restricted meaning of a mere prolongation of existing branches, but contemplates an extension of the railroad's operations in any direction or upon any street or avenue. See Bohmer v. Haffen, 35 App. Div. 388, 54 N. Y. Supp. 1030, affirmed 161 N. Y. 404, 55 N. E. 1047; also N. Y. C. & H. R. R. Co. v. A. I. E. R. R., 178 N. Y. 82, 70 N. E. 117.

There being but one extension, and payment having been made in construction of the extension as required by section 12 of the Railroad Law, there is a valid existing franchise on all of the routes named in the certificate of extension filed December 31, 1913. The petitioner

has, therefore, a clear legal right to finish the construction of its route, and the borough president should issue the necessary permit to allow construction.

Let writ issue as prayed for in petition.